E-FILED
Friday, 12 August, 2016 01:23:23 PM
Clerk, U.S. District Court, ILCD

039180/01245/PEH/JNR

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS, SPRINGFIELD DIVISION

| | |
|---|---|
| STANLEY ANDERSON,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>WEXFORD HEALTH SOURCES, INC., a foreign corporation, S. MILLER, R.N.,<br><br>　　　　　　Defendants. | Case Number 16-cv-1227-JES-JEH<br><br>Chief Judge James E. Shadid<br><br>Magistrate Judge Jonathan E. Hawley |

## MEMORANDUM OF LAW IN SUPPORT OF DISMISS

NOW COMES the Defendant, WEXFORD HEALTH SOURCES, INC. by and through its attorneys, CASSIDAY SCHADE LLP, and hereby submits its Memorandum of Law in Support of Motion to Dismiss, stating as follows:

## INTRODUCTION

On June 20, 2016, Plaintiff filed the instant Complaint pursuant to 42 U.S.C. §1983 regarding events that allegedly occurred within the Illinois Department of Corrections (IDOC) at Illinois River Correctional Center. Doc. 1. Specifically, Plaintiff that he was erroneously prescribed the medication Coumadin while at Illinois River, causing him to experience rectal bleeding. Plaintiff alleged violation of the Eighth Amendment against a nurse at Illinois River. As it relates to Wexford, Plaintiff states he raises the issue of respondeat superior liability under §1983 to preserve it. Doc. 1 at 3-4. In accordance with *Shields v. Illinois Department of Corrections*. 746 F.3d 782 (7th Cir. 2014), the respondeat superior claim against Wexford must be dismissed at the pleadings stage for failure to state a claim upon which relief can be granted. Wexford fails to state a claim upon which relief can be granted, Wexford should be dismissed.

**LEGAL STANDARD**

A Rule 12(b)(6) motion tests the sufficiency of the complaint, not the merits of the case. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In evaluating a motion to dismiss, the court thus accepts the complaint's well-pleaded factual allegations as true and draws all reasonable inferences in the plaintiff's favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007) (citations omitted). To provide the defendant with "fair notice of what the claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555, the complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2). In addition, its allegations must plausibly suggest that the plaintiff has a right to relief and raise that possibility above the "speculative level." *Twombly*, 550 U.S. at 555; *see Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (explaining that *Twombly's* pleading principles apply in all civil actions).

**ARGUMENT**

42 U.S.C. Section 1983 was enacted by Congress to provide a private right of action against persons acting under color of state law who violated constitutional rights. See 42 U.S.C. Section 1983. While *respondeat superior* liability was a common stable of state tort law, the United States Supreme Court in *Monell v. Department of Social Services* held that "*respondeat superior* is not a basis for rendering municipalities liable under Section 1983 for the constitutional torts of their employees." 436 U.S. 658, 663 n.7 (1978). As a result, the United States Supreme Court held that a local government could only be held liable under Section 1983 if the government's own policy or custom caused the violation at issue. *Monell*, 436 US at 694.

Thereafter, the Seventh Circuit, consistent with all of the other circuit courts to address this issue, extended the holding of *Monell*, which addressed government entities, and applied the

standards to private corporations. *See, e.g., Iskander v. Village of Forest Park*, 690 F.2d 126, 8 (7th Cir. 1982). Specifically, the Seventh Circuit held that "just as a municipal corporation is not vicariously liable upon a theory of *respondeat superior* for the constitutional torts of its employees, a private corporation is not vicariously liable under Section 1983 for its employees' deprivations of others civil rights." *Iskander*, 690 F.2d at 128.

In *Shields*. 746 F.3d 782, the Seventh Circuit once again re-affirmed *Iskander* as the controlling authority in this Circuit as to *respondeat superior* liability of a private corporation under §1983. While Justice Hamilton criticized *Iskander* and invited the Seventh Circuit to overrule it *en banc*, the Seventh Circuit declined the petition for rehearing in May 2014. In January 2015, the United States Supreme Court denied *certiorari* in *Shields*. *See Shields v. Illinois Department of Corrections*, 135 S. Ct. 1024 (2015). Accordingly, *Iskander* remains the settled law in this Circuit and no liability can exist under §1983 based on *respondeat superior* or vicarious liability. *See Fairly v. Fermaint*, 482 F.3d 897, 903 (7th Cir. 2007) (corporate entities are responsible only for their policies, not for the misbehavior of their employees); *Hahn v. Walsh*, 762 F.3d 617 (7th Cir. 2014) (case subsequent to *Shields* reaffirming *Iskander*) *Plummer v. Wexford Health Sources*, Inc., 609 Fed. Appx. 861, 863 (7th Cir. 2015) (recognizing holding of *Shields)*.

## CONCLUSION

As Plaintiff acknowledged in his Complaint, the current state of the law in the Seventh Circuit is that no *respondeat superior* liability exists under §1983. Accordingly, Wexford must be dismissed from this case.

WHEREFORE, for the above reasons, Defendant respectfully requests this Honorable Court grant its Motion to Dismiss and such further relief as deemed appropriate.

>                                Respectfully submitted,
>
>                                CASSIDAY SCHADE LLP
>
>                                By: /s/ Joseph N. Rupcich
>                                    Attorneys for Defendant, WEXFORD
>                                    HEALTH SOURCES, INC.

Joseph N. Rupcich
ARDC No. 6283899
CASSIDAY SCHADE LLP
111 North Sixth Street, 2nd Floor
Springfield, IL 62701
(217) 572-1714
(217) 572-1613 (Fax)
jrupcich@cassiday.com

**CERTIFICATE OF SERVICE**

I hereby certify that on August 12, 2016, I electronically filed the foregoing Memorandum of Law in Support of **Error! Reference source not found.** with the Clerk of the Court using the CM/ECF system. The electronic case filing system sent a "Notice of E-Filing" to the following:

Kenneth N. Flaxman, Esq.
Kenneth N. Flaxman, P.C.
200 South Michigan Avenue, Suite 1240
Chicago IL 60604
(312) 427-3200
(312) 427-3930 (Fax)
knf@kenlaw.com

/s/ Joseph N. Rupcich

8293908 JRUPCICH