039180/01245/PEH/JNR

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS, SPRINGFIELD DIVISION

| | |
|---|---|
| STANLEY ANDERSON,<br><br>Plaintiff,<br><br>v.<br><br>WEXFORD HEALTH SOURCES, INC., a foreign corporation, S. MILLER, R.N.,<br><br>Defendants. | No. 16-cv-1227-JES-JEH<br><br>Chief Judge James E. Shadid<br><br>Magistrate Judge Jonathan E. Hawley |

### ANSWER TO PLAINTIFF'S COMPLAINT WITH AFFIRMATIVE DEFENSES

NOW COMES the Defendant, SHANNON MILLER, R.N., by her attorneys CASSIDAY SCHADE LLP, hereby submits her Answer and Affirmative Defenses to Plaintiff's Complaint, stating as follows:

1. This is a civil action arising under 42 U.S.C. § 1983. The jurisdiction of this Court is conferred by 28 U.S.C. § 1343 and 28 U.S.C. § 1343.

ANSWER: Defendant admits the action is so brought and that jurisdiction is granted pursuant to the cited statutes.

2. Plaintiff Stanley Anderson is a resident of the Northern District of Illinois who is currently confined at the Illinois River Correctional Center in the Central District of Illinois.

ANSWER: Defendant admits that Plaintiff is currently incarcerated at Illinois River Correctional Center. Defendant lacks sufficient knowledge to admit or deny the remaining allegations in this Paragraph.

3. Defendant Wexford Health Sources, Inc. is a foreign corporation which provides health care to prisoners held by the Illinois Department of Corrections.

ANSWER: Admitted.

4. Defendant S. Miller is a nurse employed by Wexford at the Illinois River Correctional Center.

ANSWER: Defendant admits she is a nurse employed by Wexford but denies the remainder, as she does not currently work at Illinois River Correctional Center.

5. On or about January 8, 2014, an employee of defendant Wexford, acting within the scope of his or her employment, prepared a "Medication Administration Record," directing nursing staff to provide plaintiff with Coumadin every Tuesday and Thursday for the next year.

ANSWER: While Defendant lacks personal knowledge of or involvement in the allegation contained in this paragraph, it is admitted.

6. At no time had a physician prescribed Coumadin or any similar medication to plaintiff.

ANSWER: While Defendant lacks personal knowledge of or involvement in the allegation contained in this paragraph, it is admitted.

7. After received the non-prescribed medication, plaintiff began to bleed from his rectum; plaintiff believed that this abnormal bleeding was caused by the coumadin, which he knew had not been prescribed from him, and complained to medical staff.

ANSWER: Defendant lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 7.

8. At some time before January 24, 2014, plaintiff complained to defendant Miller, telling her that he was not been prescribed Coumadin and that it was causing him to bleed from his rectum.

ANSWER: Denied.

9. Defendant Miller ignored plaintiff's complaints and refused to examine plaintiff's records which would have shown that Coumadin had not been prescribed for him.

ANSWER: Denied.

10. In addition to refusing to investigate plaintiff's complaints, defendant Miller told plaintiff that "you need this," referring to the Coumadin, and enlisted the assistance of a correctional officer to require plaintiff to ingest the Coumadin.

ANSWER: Denied.

11. After plaintiff had received five doses of Coumadin, and had continued to complain about bleeding from his rectum, another employee of defendant Wexford investigated plaintiff's complaints and determined that the "Medical Administration Record" had been completed in error.

ANSWER: While Defendant lacks personal knowledge of or involvement in the discovery of a medication error, it is admitted that the error was discovered by nursing staff and the medication was stopped. Defendant denies that Plaintiff complained to her about his medication.

12. Plaintiff filed a timely grievance about the above described incident and files this complaint within two years of the final resolution of his grievance.

ANSWER: Defendant lacks sufficient knowledge to admit or deny the allegations contained in this Paragraph12.

13. Plaintiff previously filed a lawsuit complaining about this incident, albeit against other defendants, and voluntarily dismissed that action on October 8, 2015. *Anderson v. Rankin*, 14-cv-1429.

ANSWER: Admitted.

14. Defendant Miller also acted in deliberate indifference to plaintiff's clearly established constitutional rights when she ignored his above described complaints.

ANSWER: Denied.

15. To raise and preserve the issue identified by Judge Hamilton in his opinion in *Shields v. Illinois Department of Corrections*, 746 F.3d 782 (7th Cir. 2014), plaintiff asserts that defendant Wexford is liable under 42 U.S.C. § 1983 for the wrongdoing of its employees under the doctrine of respondeat superior. Plaintiff acknowledges that the Seventh Circuit rejected this argument in *Hahn v. Walsh*, 762 F.3d 617 (7th Cir. 2014) and recognizes that the Court is required to follow that decision of the Court of Appeals.

ANSWER: Co-defendant Wexford has filed a motion to dismiss regarding the allegations contained in this Paragraph 15.

16. As a result of defendants wrongdoing, plaintiff suffered physical injury including painful bleeding from his rectum.

ANSWER: Denied.

17. Plaintiffs hereby demands trial by jury.

ANSWER: Admitted.

**DEFENDANT DEMANDS TRIAL BY JURY**

<u>**AFFIRMATIVE DEFENSES**</u>

1. At all times relevant herein, Defendant acted in good faith in the performance of his official duties and without violating Plaintiff's clearly established statutory or constitutional rights of which a reasonable person would have known. Defendant is therefore protected from suit by the doctrine of qualified immunity.

2. To the extent Plaintiff's claim accrued more than two years prior to initiation of this claim, it is barred by the applicable statute of limitations.

**DEFENDANT DEMANDS TRIAL BY JURY AS TO HER AFFIRMATIVE DEFENSES**

WHEREFORE, for the above reasons, Defendant respectfully requests this Honorable Court deny Plaintiff any relief in this matter and grant Defendant judgment as to all matters and any other relief deemed appropriate, including cost of suit.

Respectfully submitted,

CASSIDAY SCHADE LLP

By: /s/ Joseph N. Rupcich
    Attorneys for Defendant, SHANNON MILLER, R.N.

Joseph N. Rupcich
ARDC No. 6283899
CASSIDAY SCHADE LLP
111 North Sixth Street, 2nd Floor
Springfield, IL 62701
(217) 572-1714
(217) 572-1613 (Fax)
jrupcich@cassiday.com

**CERTIFICATE OF SERVICE**

I hereby certify that on August 24, 2016, I electronically filed the foregoing Answer to Plaintiff's Complaint with Affirmative Defenses with the Clerk of the Court using the CM/ECF system. The electronic case filing system sent a "Notice of E-Filing" to the following:

Kenneth N. Flaxman, Esq.
Kenneth N. Flaxman, P.C.
200 South Michigan Avenue, Suite 1240
Chicago IL 60604

/s/ Joseph N. Rupcich

8298600 JRUPCICH;SPRESSLE